IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIE PETTY, # 277-950 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. ELH-14-1779 |
| | * | |
| RICHARD SAMPONG, P.A. | * | |
| | * | |
| Defendant | * | |
| | *** | |

**MEMORANDUM OPINION**

Plaintiff Willie Petty, who is self-represented, has filed a complaint pursuant to 28 U.S.C. § 1983 against defendant Richard Sampong, PA.[1] ECF 1,3. Sampong, through counsel, has filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12 (b)(6), ECF 12, to which Petty has filed a response. ECF 16. Also before the court are Petty's motion to amend the complaint and motion to appoint counsel. ECF 17, ECF 18.

In his motion to amend the complaint (ECF 17), Petty seeks to add to his prayer for relief that: 1) this court find Wexford Health Sources, Inc.'s policy of allowing inmates only "access to medical treatment by physicians assistants and/or nurses," and not physicians, constitutes deliberate indifference to his serious medical need;[2] 2) plaintiff was denied reasonable access to medical treatment due to this policy; 3) this policy violated plaintiff's rights under the Eighth

---

[1] A physician's assistant ("PA") is a certified and state-licensed medical provider who works in concert with physicians and other healthcare professionals. *See* e.g. http://www.aapa.org/landingquestion.aspx?id=290.

[2] The court notes that Wexford Health Sources, Inc. is presently the contractual provider of medical care for Division of Correction inmates. *See e.g. Perkins v. Midy*, Civil Action No. ELH-14-219, 2014 WL 1236841, n. 1 (D. Md. March 24, 2014); *Nettles v. Medical Department*, ELH-13-2875, 2014 WL 3796401 *5 (D. Md. July 29, 2014). Wexford is not named as a party in this case.

Amendment to the Constitution and caused him undue pain and suffering; and 4) this court should award plaintiff damages of $20,000. *Id*.

Under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its pleading once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." The motion to amend was filed within twenty-one days of the motion to dismiss. Therefore, it will be granted. The Court will consider the motion to dismiss in the context of the amended complaint.

Petty's reasons for moving for appointment of counsel include his inability to afford to hire an attorney; his imprisonment will greatly limit his ability to litigate; and he is housed in protective custody where there is limited access to the prison law library. ECF 18. Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, there is no constitutional right to appointment of counsel in civil cases. "[A] plaintiff must present "exceptional circumstances." *Harris v. Salley*, 339 Fed. Appx. 281, 284 (4th Cir. 2009) (quoting *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987)). Such "[e]xceptional circumstances exist where a *pro se* litigant has a colorable claim but lacks the capacity to present it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir.1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989).

The issues in this case are not unduly complex and are adequately presented by plaintiff. Consequently, appointment of counsel will be denied.

**BACKGROUND**

Petty is an inmate at the Maryland Correctional Institution in Hagerstown, Maryland ("MCI-H"). Sampong is a physician's assistant employed by Wexford Health Sources, Inc. Petty

states he has "serious medical issues," including thalassemia,[3] which he describes as a "rare blood disorder" for which he has been placed on chronic care status for at least the last fifteen years. ECF 1 at 1; ECF 3 at 3, Ex.1. Petty states he also is seen for lower back pain and acid reflux. Petty avers: "I'm suppose[d] to be seen by a medical doctor every 3 months. But the medication department here is refusing me to see the doctor, they keep sending me to see a P.A. that lack the knowledge a [sic] care to treat me." *Id*. Petty asserts he was informed by Sampong that Petty is "not allowed to see a doctor" because he is on protective custody. ECF 3 at 3. Petty claims he has suffered a "serious dizzy spell and hurt his back because of the heat. But P.A. Sampong said its nothing he can do and smiled at me." *Id*.

As relief, Petty asks the court to order "the medical department" to provide him with proper treatment and award "compensation" for his pain and suffering. *Id*. Because Petty is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

Defendant moves to dismiss this case for failure to state a claim upon which relief may be granted. Defendant asserts that Petty's claim of entitlement to see a physician rather than a physician's assistant, without a claim of injury, fails to state an Eighth Amendment claim. Moreover, defendant claims he is entitled to qualified immunity.

### A. Motion to Dismiss – Standard of Review

A defendant may test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See McBurney v. Cuccinelli*, 616 F.3d

---

[3] Thalassemia is a blood disorder in which the body makes an abnormal form of hemoglobin. Hemoglobin is the protein in red blood cells that carries oxygen. The disorder results in large numbers of red blood cells being destroyed, which leads to anemia. *See* http://www.nlm.nih.gov/medlineplus/ency/article/000587.htm.

393, 408 (4th Cir. 2010). To survive a Rule 12(b)(6) motion, a complaint must satisfy the pleading standard articulated in Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 & n. 3 (2007). This requires more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted); *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

To defeat a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' ....") (citation omitted); *see also Epps v. JP Morgan Chase Bank*, N.A., 675 F.3d 315, 320 (4th Cir. 2012); *Simmons v. United Mortg. & Loan Inv.*, LLC, 634 F.3d 754, 768 (4th Cir. 2011). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to relief. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011). Dismissal "is inappropriate unless, accepting as true the well-pled facts in the complaint

and viewing them in the light most favorable to the plaintiff, the plaintiff is unable to 'state a claim to relief....' " *Brockington v. Boykins,* 637 F.3d 503, 505–06 (4th Cir. 2011) (citation omitted).

In considering a Rule 12(b)(6) motion, the court " 'must accept as true all of the factual allegations contained in the complaint,' " and must " 'draw all reasonable inferences [from those facts] in favor of the plaintiff.' " *E.I. du Pont de Nemours & Co., v. Kolon Industries,* 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). The court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Nor must the court accept legal conclusions couched as factual allegations, *Iqbal*, 556 U.S. at 678, or legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385–86 (4th Cir. 2009) (2010). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that " 'the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (citation omitted).

Generally, disputes of fact "cannot be decided on a motion to dismiss pursuant to Rule 12(b)(6)," *Andrew v. Clark*, 561 F.3d 261, 267 (4th Cir. 2009), because the court must construe the well-pled facts "in the light most favorable to the nonmoving party." *Kendall*, 650 F.3d 515, 522 (4th Cir. 2011). Put another way, a motion pursuant to Rule 12(b)(6) typically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint," the court may resolve the applicability of a

defense by way of a Rule 12(b)(6) motion. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear [ ] *on the face of the complaint*,' " or in other documents that are proper subjects of consideration under Rule 12(b)(6). *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993)) (emphasis in *Goodman*).

### B. Eighth Amendment Claim

This complaint is filed pursuant to 42 U.S.C. § 1983, which ' " is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)). A lawsuit under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege that 1) a right secured by the Constitution or laws of the United States was violated, and 2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988).

As interpreted by the Supreme Court, the Eighth Amendment prohibits "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003). In the context of denial of medical care, an Eighth Amendment violation arises when the actions of a defendant, or his failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that,

6

subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter ... becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.' " *Brice v. Virginia Beach Correctional Center*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer,* 511 U.S. at 844). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Id.*.

"[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference." *Johnson v. Quinones*, 145 F. 3d 164, 166 (4th Cir. 1998). Without evidence that a doctor linked presence of symptoms with a diagnosis of a serious medical condition, the subjective knowledge requirement is not met. *Id*. at 169 (reasoning that actions inconsistent with an effort to hide a serious medical condition refute the presence of subjective knowledge).

The Eighth Amendment proscribes deliberate indifference to a prisoner's serious medical needs, but does not require that a prisoner receive medical care by a provider his choice.  An inmate's mere disagreement with medical providers about the proper course of treatment does not support an Eighth Amendment cause of action. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985); *Wester v. Jones*, 554 F.2d 1285 (4th Cir.1977); *Russell v. Sheffer,* 528 F.2d 318 (4th Cir.1975).

Petty claims his medical treatment is deficient because he is being treated by a physician's assistant and not by a physician, as he believes is appropriate. Petty's claim fails in several respects. First, Petty does not allege in what respect Sampong lacks knowledge or training to treat his medical conditions. Second, Petty does not allege how the care provided by Sampong is inadequate; the complaint itself suggests Petty was regularly seen by Sampong in response to his sick call requests. Third, Petty does not allege he has suffered injury as a result of the care Sampong has provided. Notably, Petty's sole claim of injury, a "serious dizzy spell" and a back injury, is attributed to heat in the prison, not to Sampong's medical care. Assuming as true Petty's allegation that Sampong smiled at him and stated there was nothing he could do, Sampong's response neither amounts to deliberate indifference nor suggests a violation of constitutional moment. Simply stated, plaintiff's preference for an examination by a physician does not sustain an Eighth Amendment claim.

Even if plaintiff's allegations against Sampong are assumed to amount to negligence or medical malpractice, they do not state an Eighth Amendment claim. A complaint of negligence "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 105–06; *see Farmer*, 511 U.S. at 837. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Estelle*, 429 U.S. at 106.

## CONCLUSION

For these reasons, plaintiff's motion to amend will be granted and his motion for appointment of counsel will be denied. This case will be dismissed without prejudice for failure

to state a claim upon which relief may be granted.[4]  A separate Order follows this Memorandum.[5]

September 16, 2014                                              _____/s/_____
Date                                                                           Ellen Lipton Hollander
                                                                                    United States District Judge

---

[4] This decision is without prejudice to any rights plaintiff may have to pursue claims of medical malpractice in state court. Under Maryland law, a claim of medical malpractice may proceed only after a review before the Maryland Health Claims Arbitration Board. *See* Md. Code, Cts & Jud. Proc., § 3–2A–01 *et seq*.; *see also Carroll v. Konits*, 400 Md. 167, 172, 929 A.2d 19, 22 (2007).

[5] The court need not reach defendant's qualified immunity defense for reasons apparent herein.